IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:
**Tina L. Gilliland**　　　　　　　　　　　　　　　　　　　Case No. 14-03831-TBB13
**Social Security No. XXX-XX-9994**

　　　　Debtor(s).

## CONFIRMATION ORDER

Notice of a hearing on confirmation of debtor's Chapter 13 plan, dated 10/02/2014, having been given to the debtor and all scheduled creditors; and the hearing having been held on 11/25/2014, it is hereby

**ORDERED, DECREED AND ADJUDGED:**

1. The debtor's plan filed 10/01/2014 (Doc. no. 10) is hereby **CONFIRMED**.

2. The debtor(s) shall pay to D. Sims Crawford, Chapter 13 Standing Trustee, **$600.00 monthly for 60 months** beginning immediately.

3. Each creditor must file a written proof of claim in the form provided by law to participate in disbursements under the plan. Claims will be paid as duly filed, without hearing, unless a written objection is filed as provided by the Bankruptcy Code. If an objection is filed, the court may conduct a hearing to determine the allowed amount of the claim.

4. Attorney fees in the amount of **$3,000.00** are allowed to **Gina H. McDonald & Associates, LLC ($700.00 paid pre-petition).**

5. From the plan payments received, the trustee shall first pay any administrative costs, and then pay any adequate protection payments provided below. An initial payment of attorney fees in the amount of **$1,100.00** is then allowed. If proper proofs of claim are filed, remaining plan funds shall then be paid in the following way:

| Creditor | Claim No. | Interest Rate | Adequate Protection | Adq.P. through | Fixed Payment | F.P. Beginning |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 6B | 7.35% | NA | NA | 430.00 | Upon Conf. |
| Titlemax of Alabama | NA | 5.25% | NA | NA | 83.00 | Upon Conf. |

Thereafter, the balance of the attorney fee shall be paid **$50.00** monthly until paid in full. The trustee shall distribute the balance left, after the above payments, as follows: Holders of filed and allowed non-priority unsecured claims shall receive a pro rata share of not less than **$4,268.00** through the distribution of the debtor(s) Chapter 13 plan. Any debt not addressed by this order shall be administered in accordance with the debtor's confirmed plan and applicable law.

Trustee's Objection to Confirmation and Motion to Dismiss or in the alternative, Motion to Convert to Chapter 7 are moot.

The debtor's mortgage debt to **Wells Fargo Home Mortgage (claim no. 6A)** shall be paid directly to the mortgagee beginning November, 2014. If the mortgagee files, or has filed, a proper secured claim for the

full mortgage balance, that claim is classified as an informational claim. But if that claim includes mortgage arrears, the trustee shall enter the arrears as a separate claim. The mortgagee may file, if it has not, a separate claim for mortgage arrears. Any claim for arrears should include the debt balance through October, 2014.

Debtor will pay all pre-petition and post-petition utility service with Alagasco, AT&T and Charter Communication in the ordinary course of business as adequate assurance under title 11 U.S.C. § 366 in lieu of posting a deposit under 11 U.S.C. § 366 and acknowledges that 11 U.S.C. § 362 will not prohibit collection of these debts by the utility companies..

All creditors whose claims are paid direct by Debtor are granted limited relief from the automatic stay to contact the Debtor by mail or telephone concerning the payment of post-petition (no pre-petition) monthly installment payments.

Additionally, all creditors whose claims are paid directly by a non debtor, co-obligor are granted relief from the automatic stay without further order of this Court should the non debtor, co-obligor default in payment of any post-petition installment payment.

6. Child Support, Alimony, and Utility Obligations. If the debtor has an ongoing child support, alimony, or utility obligation and fails to make any post-petition payment for a debt on that obligation, relief from the automatic stay is granted to collect that, or any future debt, or to enforce any order or contract associated with the obligation.

7. Adequate protection payments made by the Trustee in accordance with 11 U.S.C. § 1326(a)(1) and the debtor's plan are hereby approved.

Dated: January 8, 2015

/s/ Thomas B. Bennett
United States Bankruptcy Judge

th